CARL PICKERING *v.* TOWN OF WINDSOR ET AL.
(15250)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued February 14—decision released March 12, 1996

*A. Paul Spinella*, for the appellant (plaintiff).

*John B. Farley*, with whom was *Stephen P. Fogerty*, for the appellees (defendants).

PER CURIAM. In this civil rights action, the plaintiff, Carl Pickering, alleged that three members of the police

department of the defendant town of Windsor had used excessive force in arresting him for the crime of interference with a police officer in violation of General Statutes § 53a-167a.[1] In answer to special interrogatories, the jury found that the plaintiff had failed to prove the use of excessive force by any of the individual police officers named as defendants in the complaint. The trial court accepted the answers of the jury and rendered a judgment in favor of the defendants. After the trial court denied the plaintiff's motion to set the verdict aside, the plaintiff appealed to the Appellate Court, which affirmed the judgment of the trial court in a per curiam decision. *Pickering* v. *Windsor*, 37 Conn. App. 901, 902, 654 A.2d 389 (1995).

We granted the plaintiff's petition for certification to appeal from the judgment of the Appellate Court. Our permission to appeal was limited to the issue of whether the trial court had improperly permitted the plaintiff to be cross-examined about two misdemeanor convictions, after he had testified, on direct examination, that publicity about his arrest and conviction for violation of § 53a-167a had injured his reputation in the community.[2]

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The contested evidence was offered to rebut the testimony of the plaintiff regarding the damages that he had suffered as a result of the defend-

---

[1] General Statutes § 53a-167a provides in relevant part: "Interfering with an officer: Class A misdemeanor. (a) A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any peace officer or fireman in the performance of his duties."

[2] The order on the plaintiff's petition for certification to appeal limited his appeal to the following issue: "Under the circumstances of this case, was the trial court correct in allowing into evidence two misdemeanor convictions of the plaintiff?" *Pickering* v. *Windsor*, 233 Conn. 907, 657 A.2d 643 (1995).

ant officers' allegedly excessive use of force. The trial court expressly instructed the jury that it could consider the evidence only as it pertained to the issue of damages. It would serve no purpose for us to decide the admissibility of such evidence in this case, in which the plaintiff has failed to prove any excessive use of force.

The appeal is dismissed.